Robert Lindblom, et al., v. People of the State of Illinois, ex rel. Patrick Lane.

Gen. No. 11,478.

1. CIVIL SERVICE—*when discharge of patrolman proper.* Where it appears from the evidence that a patrolman in his application for enrollment wilfully misrepresented his age, so as to bring himself within the qualifications for service, his discharge, following his appointment and trial, is proper.

2. CIVIL SERVICE—*when written charges deemed waived.* The lack of written charges cannot be complained of by a civil service employee, discharged after due trial, where he appeared before the commissioners and requested a trial upon the charges preferred against him.

Mandamus proceeding. Appeal from the Circuit Court of Cook County; the Hon. JOHN L. HEALY, Judge, presiding. Heard in this court at the October term, 1903. Reversed. Opinion filed October 4, 1904.

WILLIAM H. SEXTON and MICHAEL F. SULLIVAN, Assistants Corporation Counsel, for appellants; EDGAR BRONSON TOLMAN, of counsel.

VICTOR M. HARDING, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

Patrick Lane filed a petition for a writ of mandamus directed to appellants, constituting the Civil Service Commission of the city of Chicago, alleging that on October 4, 1900, he was a member of the police force of said city, and on that day he was dismissed from the force and his name was stricken from the eligible list, without just cause and in violation of the Civil Service Act; that no written charges were preferred against him, and he was given no opportunity to be heard in his own defense; that it thereupon became the duty of appellants to restore his name to the list of eligibles, and to reinstate him upon said force; that February 15, 1901, he made a formal demand upon appellants thus to restore his name and thus to reinstate him, but they wholly refused to do so.

The answer of appellants sets up that prior to September 21, 1900, said Lane made a written application for an examination for an original appointment as patrolman in said city, and therein stated that he was born in 1864; that the rules of the police department then provided that every applicant for position upon the police force of said city must be, at the time of his application, between twenty-five and thirty-five years of age; that Lane was more than thirty-five years of age when he made such application; that after Lane's appointment written charges were preferred against him and the hearing thereon was set for September 27, 1900; that on said date Lane failed to appear, but sent a communication to appellants, in which he stated that he was born in 1858, and not in 1864; that thereupon appellants continued the hearing of such charges to October 4, 1900, at which time Lane appeared before them, and then and there admitted that he had made a false statement in his application in stating that he was born in 1864, and declared that he was born in 1858, but on cross-examination it appeared he was born in 1856; that thereupon appellants ordered him to be discharged from the police force and his name to be stricken from the eligible list, which action was taken under section 7 of rule 3 of the civil service rules. Wherefore they prayed that the writ be denied, etc.

Lane then amended his petition, alleging that he was an ex-member of the police force of the city, and had previously made an application as an ex-member thereof in accordance with the civil service rules.

The petitioner became a member of the police force in 1893, was discharged therefrom after two years' service, and was never again taken upon the force except under and by virtue of the examination had in this case.

The notice for the examination held in December, 1899, at which time the petitioner presented his said application, contained the statement that it was posted " on condition at any time it is found that section 6, rule 4, or rule 3, or the rules in regard to height or weight, have been violated, the commission distinctly reserved the right to hereafter drop from such eligible list any persons on said list who have gained a place on said list in spite of said rules and regulations of this commission.''

Section 7 of rule 3 reads as follows :   " A false statement knowingly made by any person in an application for examination, connivance at any false statement made in any certificate which may accompany such application, or complicity in any fraud touching the same, shall be regarded as good cause for exclusion from the register of eligibles, or for removal or discharge during probation, or thereafter; but no person shall be removed from a register of eligibles, or from the service, under this section, until an opportunity has been given him to be heard by the commission.   A record shall be kept of the finding of the commission, showing the vote thereon, and the reason therefor."

Section 1 of rule 10 provides:   " Every applicant for the uniformed police force, in addition to the requirements specified in section 1 of rule II, must, at the time of such application, be between twenty-five and thirty-five years of age."

The written application of Lane contains (among other things) the following questions and answers:   Question :  '' What was the month, day and year of your birth ? "   Answer:   "March 17, 1864."   Question :   " What was your age on your last birthday ? "   Answer:   " Thirty-five years."

By a written communication to the board of commissioners, and verbally to and in the presence of that board when it was engaged in examining the charges preferred against him, Lane admitted that his answers as to his age, contained in his verified application, namely, that he was born in 1864, were false; the date of his birth, by his own admission, being the year 1858, and by a preponderance of the evidence in 1856.

The minutes of the commission, dated October 4, 1900, after reciting the foregoing facts, conclude as follows: " In view of all the facts in the case it was unanimously ordered by the commission that he be discharged from the police force, and that his name be stricken from any eligible register on which it may appear."

The jury found the issues for the petitioner. A motion for a new trial was made and overruled, and the writ was issued commanding the commissioners to reinstate Lane upon the police force and to restore his name to the list of eligibles. From this judgment the present appeal was perfected.

The verdict in this case is clearly contrary to the evidence. Whether or not Lane made a mistake in stating his age in his application, the fact is that he was then at least forty-two years old, and hence disqualified under the rules.

We are convinced from the whole evidence that Lane, when he stated that he was born March 17, 1864, knowingly misrepresented his age in order to deceive the commission and to bring himself within the prescribed age limit.

He appeared before the commission and requested a hearing upon the charges preferred against him. By so doing he waived the lack of written charges, if such charges were not then in writing.

His admissions of the falsity of such statement in his letter to the commission, and thereafter verbally in the presence of the board sitting to investigate such charges, rendered further evidence unnecessary.

The judgment of the Circuit Court is reversed.

*Reversed.*